IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NANCY RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-cv-1014-M |
| | § | |
| BBB GROUP, INC., D/B/A | § | |
| BAILEY BANKS & BIDDLE, and | § | |
| ADP TOTALSOURCE CO XXII, INC., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

In this sexual harassment, discrimination, and retaliation lawsuit, Plaintiff Nancy Richardson has filed an emergency motion to quash and for sanctions in connection with a subpoena *duces tecum* and deposition by written questions served on her current employer by Defendant BBB Group, Inc. ("BBB"). The specific documents at issue include: (1) Plaintiff's employment application; (2) her attendance records; (3) performance reviews; (4) payroll records; and (5) records pertaining to the reasons for her termination, if any. Plf. Mot., Ex. A at 1. As grounds for her motion, Plaintiff contends that BBB failed to give her prior notice of the subpoena and that the discovery requests are harassing and meant to interfere with her new job. Plaintiff further contends that, to the extent the requested documents exist, she has already produced them to BBB. In response, BBB argues that Plaintiff's employment records are relevant to the issues of damages and mitigation and that it is entitled to obtain "unfiltered" documents directly from her current employer. The motion has been fully briefed by the parties on an expedited basis and is now ripe for determination.

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). The party seeking discovery has the initial burden to establish that the requested information is within the scope of permissible discovery. *Sanders v. Dalcraft*, No. 3:09-CV-0307-P, 2009 WL 1392602, at *1 (N.D. Tex. May 18, 2009). The burden then shifts to the party resisting discovery to show why discovery should not be permitted. *Id.* Where appropriate, the court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding the disclosure or discovery . . . [or] prescribing a discovery method other than the one selected by the party seeking discovery[.]" FED. R. CIV. P. 26(c)(1)(A), (C).

Here, Plaintiff concedes that the information and documents requested are relevant, *see* Pl. Reply (Doc. 10) at 5,[1] but argues that BBB's insistence on obtaining the discovery from her current employer constitutes harassment. The Court agrees. Plaintiff has a legitimate concern that the disclosure of her dispute with her past employer may have a direct negative effect on her current employment, and BBB is not entitled to subpoena Plaintiff's employment records from her employer

---

[1] BBB's request for Plaintiff's pay records is certainly relevant to the issues of damages and mitigation. However, the same is not necessarily true regarding its request for disciplinary records, performance evaluations, and other performance documents. BBB's discovery requests that are not specifically limited to uncovering evidence of wrongdoing similar to the conduct for which Plaintiff was allegedly terminated is overly broad. *Sanders*, 2009 WL 1392602, at *3. Nor are the requested records relevant to the issue of mitigation where Plaintiff continues to work for her new employer. *Id.* BBB's speculative assertion that her employment records may reveal that her earnings may have been adversely affected by poor performance or disciplinary actions is not enough to justify this discovery. *Id.*; *see also Bahrami v. Maxie Price Chevrolet-Oldsmobile Inc.*, No. 1:11-CV-4483-SCJ-AJB, 2013 WL 3800336, at *4 (N.D. Ga. June 19, 2013) (collecting cases where courts have granted motions to quash subpoenas or for protective orders when parties have cited speculative reasons for seeking employment records); *Reynolds v. York*, No. 3:04-MC-045-P, 2004 WL 1490040, at *1 (N.D. Tex. July 2, 2004) (holding that third-party subpoena served on former employer seeking personnel file and other documents that might impeach plaintiff's credibility "amounts to nothing more than a fishing expedition").

where a less intrusive method of discovery is available. *Herrera v. Easygates, LLC*, No. 11-CV-2558-EFM-GLR, 2012 WL 5289663, at *2-3 (D. Kan. Oct. 23, 2012) (noting that subpoena issued by former employer to plaintiff's current employer is "by its nature subject to abuse" and holding that former employer was not entitled to receive discovery directly from current employer if plaintiff had agreed to provide all relevant information himself); *Warnke v. CVS Corp.*, 265 F.R.D. 64, 69-70 (E.D.N.Y. 2010) (recognizing potential harm of disclosing plaintiff's dispute with past employer to current employer and holding that subpoenas to current employer should be used only as a "last resort"); *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 255 (S.D. Ind. 2002) (former employer not entitled to subpoena plaintiff's employment records from current employer where less intrusive method of discovery was available). Plaintiff has already produced the requested information and documents to BBB without the necessity of a subpoena. Accordingly, Plaintiff's request to quash the subpoena to her current employer is granted.

Although BBB is not entitled to serve a subpoena on Plaintiff's current employer, Plaintiff has not established that BBB's conduct warrants the imposition of sanctions. Accordingly, Plaintiff's request for sanctions is denied.

## CONCLUSION

Plaintiff's Emergency Motion to Quash, Request for Expeditied Hearing or Ruling, and Motion for Sanctions (Doc. 7) is GRANTED in part and DENIED in part. The subpoena *duces tecum* and deposition by written questions served on Tourbillon Swatch Group are hereby quashed, and BBB is ORDERED not to serve any discovery on Plaintiff's current employer. Plaintiff's request for sanction is DENIED.

SO ORDERED, April 30, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE